Todd J.
After stating the case, observed that there were two kinds of bills of lading,* and that the bill of lading before the court seemed to be different from the one referred to in Mason vs. Lickbarrow 1 H. B. 357.
In the principal case the property of the goods was transferred to Lynch, and from him to Jorden, Banks and Owens. The defendant Roulstone had no right to dispose of them as he did. There is no ground of relief against Lynch, or Jorden, Banks and Owens; and as to Roulstone we cannot decree against him, having been no party to the suit at law; and never having been a resident or citizen of the district, there is a want of jurisdiction.
The bill must be dismissed as to all the defendants. (e)

 It is probable the distinction here alluded to by the Judge, lies between a bill of lading for, on account and at the risk of the consignee, and on account of and at the risk of the consignor.

 The doctrine respecting mercantile lien may be seen an examined by recurrence to the authorities referred to at the bar and in the margin.

 Contra Camp. rep 108. 2 Bay 237.